

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-18-2008

# Welch v. PA Dept Corr

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1881

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Welch v. PA Dept Corr" (2008). *2008 Decisions.* Paper 1427.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1427

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1881

CHRISTOPHER M. WELCH,

Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
SUPERINTENDENT PIAZZA; DEPUTY KERESTES;
DEPUTY VARANO; MAJOR MACKANNEY;
CAPTAIN MILLER; LT. GOOLER;
LT. KELLER; SGT. GREENE;
C/O BIGLER; UNIT MANAGER SMITH;
C.S.A. K. DASCANI

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 06-cv-00923)
District Judge: Honorable James M. Munley

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 18, 2008

Before: AMBRO, FUENTES and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 18, 2008)

OPINION

PER CURIAM

Christopher M. Welch appeals from the order of the United States District Court for the Middle District of Pennsylvania granting summary judgment in favor of the defendants. We will affirm.

The facts are well-known to the parties and are recounted in detail in the District Court's memorandum, so we will summarize them only briefly. Welch filed a pro se civil rights complaint regarding events during his incarceration at the State Correctional Institution at Coal Township (Pennsylvania). As defendants, Welch named the Pennsylvania Department of Corrections and several prison officials and employees. He alleged that, despite several warnings and grievances to prison staff that he was being threatened by staff members and by his cellmate, the defendants failed to protect him from being physically attacked, in violation of the Eighth Amendment prohibition against cruel and unusual punishment. Welch sought declaratory, injunctive, and damages relief on his Eighth Amendment claim.[1]

The defendants filed a motion to dismiss or in the alternative for summary judgment, along with a brief and supporting exhibits. Welch filed a brief in opposition to the motion, with a supporting affidavit. The defendants filed a reply. The District Court deemed the defendants' motion as a motion for summary judgment and directed the parties to submit additional documentation in support of their positions. Welch submitted

_____

[1] Welch was released from prison during the proceedings. Thus, by order entered September 15, 2006, the District Court denied as moot Welch's request for a preliminary injunction.

a reply and another supporting affidavit. The District Court granted the defendants' motion and entered judgment in favor of the defendants. First, the District Court concluded that Welch failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a), concerning the incident with his cellmate. Thus, the District Court excluded those allegations from consideration. Second, regarding the allegations that were the subject of three other grievances that Welch pursued, the District Court concluded the claims were administratively exhausted but the defendants were entitled to summary judgment. The District Court noted that Welch failed to produce evidence of a substantial risk of serious harm and that the defendants acted with deliberate indifference to such a risk.

Welch appeals. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a District Court's grant of summary judgment and apply the same test applied by the District Court. Saldana v. Kmart Corp., 260 F.3d 228, 231 (3d Cir. 2001). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. at 232; Fed. R. Civ. P. 56(c). The party opposing summary judgment "may not rest upon the mere allegations or denials of the . . . pleading"; the party's response, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Saldana, 260 F.3d at 232 (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)). We will view the facts in the light most favorable to the

nonmoving party and we will draw all inferences in that party's favor. See Reitz v. County of Bucks, 125 F.3d 139, 143 (3d Cir. 1997).

Welch filed four grievances that are relevant to this matter. In grievance #130430, Welch alleged that Lt. Vandine threatened to transfer Welch "all beat-up" to a prison in western Pennsylvania because he was staring at Sgt. Kilmer's wife. After investigation, the grievance officer determined that there was no evidence that Lt. Vandine threatened Welch. Welch's appeals were unsuccessful. In grievance #132303, Welch repeated some of the allegations in the previous grievance and also alleged that unnamed guards threatened and harassed him because of his litigation activities. He indicated that he was offered "self-lockup" (i.e., protective custody), but he declined because he did not want to disrupt his programming and schedule. Several weeks later, Welch filed grievance #133376, alleging that he had been beaten by an unnamed inmate on October 16, 2005, and repeating allegations of threats by staff and fear of being assaulted. Grievances #132303 and #133376 were denied because they did not contain specific information concerning the identities of the prison staff members who threatened Welch or the nature of those threats. Lastly, Welch filed grievance #137443, again alleging that unnamed guards threatened him. Welch further alleged that he had enemies in several identified areas of the prison. This grievance was denied. In appealing that decision, Welch stated that he was involved in an altercation with his cellmate on December 1, 2005, the same day he filed the grievance. The appeal was denied, and no further institutional appeals were taken.

4

Upon review of the documents in the record, we conclude that the District Court correctly granted summary judgment. At issue is whether the defendants knew of and disregarded a substantial risk of serious harm to Welch. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). Aside from naming Lt. Vandine in one of his grievances, Welch never provided prison officials with any specific information regarding which inmates or staff members were threatening him; Welch does not allege that Lt. Vandine assaulted him or caused any of the alleged assaults. With no specifics alleged in his grievances, Welch did not show that a substantial risk of serious harm existed. Furthermore, the record shows that Welch refused the prison staff's offer of protective custody; even if it could be said that the defendants actually knew of a substantial risk of serious harm to Welch, the offer of protective custody tends to refute a claim that prison staff acted with deliberate indifference to any such risk. In addition, the defendants submitted documentation to show that Welch did not fully exhaust grievance #137443, and Welch did not offer any argument or documentation to the contrary during the District Court proceedings. Thus, we agree with the District Court's conclusion that, to the extent that Welch sought redress on the basis of this grievance, it was unexhausted under 42 U.S.C. § 1997e and was not properly before the court.[2]

In opposing the defendants' summary judgment motion, Welch submitted

_____

[2] Welch notes on page 3 of his brief that he "appealed the grievance to the highest level with no success," but he points to nothing in the record to show that the District Court erred in finding to the contrary.

5

affidavits to indicate the existence of factual dispute in how the incidents on October 16, 2005 and December 1, 2005 occurred. Welch attaches the affidavits to his brief and argues that the District Court should have denied summary judgment due to the disputed facts.[3] However, regardless of how the incidents occurred, there is no "genuine issue of any material fact" relevant to the issue of whether the defendants knew of and disregarded a substantial risk of serious harm to Welch.

Welch also argues that the District Court erred in denying his motion for appointment of counsel.[4] In support, Welch argues that the motion had merit and that appointment of counsel was necessary in light of his acute psychiatric disorder. Informal Br. at 4. We note that his counsel motion contained no allegation that he suffered from a psychiatric disorder, and we discern no error in the District Court's application of the applicable factors in denying Welch's counsel motion. See Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[3] Welch argues that the District Court erred in granting summary judgment without allowing him more opportunity to present evidence. However, the District Court docket entries reflect that Welch filed a brief in opposition to the defendants' motion, after which the District Court deemed the motion as a motion for summary judgment and expressly allowed Welch additional time to submit further argument and documentation. The record shows that Welch availed himself of that opportunity, and his documents were duly considered.

[4] We note that Welch filed a motion for appointment of counsel on appeal, which this Court denied on July 26, 2007.

6